IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA          )
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>PLAINTIFF, )<br>)<br>vs. )<br>)<br>33.92356 ACRES OF LAND, )<br>MORE OR LESS, SITUATED IN )<br>VEGA BAJA, COMMONWEALTH OF )<br>PUERTO RICO, AND JUAN PIZA-BLONDET, )<br>AND ANY UNKNOWN OWNERS, )<br>)<br>DEFENDANTS. )<br>_____ ) | CIVIL ACTION NO. 98-1664 (CCC) |

INFORMATIVE MOTION

Plaintiff, The United States of America, by and through its undersigned counsel, respectfully submits this Motion and its attachment in order to clarify the scope and use of "Exhibit No. 6, 'Mapa de Zonificación de Vega Baja,'" introduced into evidence as a government exhibit during the course of the "Larger Parcel" hearing held on October 26, 1999.

1. On November 22, 2004, the Court ordered the Government to produce a copy of its "Exhibit No. 6, 'Mapa de Zonificación de Vega Baja,'" on which parcels of land in issue are marked in color." Exhibit No. 6 was introduced into evidence as a government exhibit during the course of the "Larger Parcel" hearing held on October 26, 1999.

2. Exhibit No. 6 shows only a very small portion of the approximately 400 acre "Larger Parcel" owned by Defendant Juan Piza, as well as the general area immediately to the north of Mr. Piza's property. The 33.03 acre parcel that was condemned does not appear on this map.

3. As the transcript of the October 26, 1999 hearing reflects, the Government introduced this Exhibit No. 6 in order to clarify that a very small portion of Mr. Piza's property (distinct from the area condemned), which is located near Cerro Guarico and which has a zoning designation of "R-O", or low-density residential, fell outside the special zoning designation for the Tortugeuro Lagoon Hydrographic Basin. (Tr. at 23).

4. In the attached map, which is the relevant template or portion of Exhibit No. 6, the Government has marked in red the areas that are within the special zoning area for the Tortuguero Lagoon Hydrographic Basin, and in blue the areas that are not. With an arrow, the Government has indicated the approximate location of Mr. Piza's larger parcel that is outside of the special zoning. However, the Government is unable to precisely draw the boundaries of the Piza parcel that are within this blue area, because the original zoning map submitted as Exhibit No. 6 did not indicate the property boundaries.[1]

5. Delineating the boundaries of the special zoning area for the Tortuguero Lagoon was important because this special zoning restricted the uses that 400 acre parcel may lawfully be devoted to. The Government's appraiser, Gonzalo Ferrer, determined that both before and after the taking, the Piza parcel had a unitary highest and best use: passive recreation. His conclusions

---

[1] A precise delineation of Mr. Piza's property boundaries on this zoning map would require expert calculations and the use of a plotting instrument.

were based, in part, on the fact that the parcel's possible future uses were significantly restricted by the Tortuguero Lagoon Hydrographic Basin Zoning Area regulation, the Management Plan for the Tortuguero Lagoon Special Planning Area, as well as flood and wetlands regulations.

6. At the "Larger Parcel" hearing, the appraiser clarified that only a very small portion of the 400 acre parcel – *i.e.*, the Cerro Guarico portion – was not within this special zoning area and, therefore, was free of the Tortuguero Lagoon restrictions, but still subject to other zoning restrictions.

7. The fact that a small portion of the parcel was not within the special zoning made no difference in the appraiser's determination of the parcels' highest and best use nor in his calculation of just compensation based on the "before and after approach;" particularly since this small portion is not part of the condemned area. Expressed in mathematical terms, the equation would be: [Value of 400-acre parcel, including Cerro Guarico portion] minus [Value of 400-acre parcel, including Cerro Guarico but without the area that was condemned] = Just Compensation.

8. The intended use of Exhibit No. 6, 'Mapa de Zonificación de Vega Baja" during the October 26, 1999 hearing was for the limited purpose explained above. As stated before, Exhibit No. 6 depicts only a very small portion of Mr. Piza's 400 acre parcel and the general area immediately to the north.

9. At the Court's request, the Government's experts can produce a zoning map that delineates in color the boundaries of the special zoning area for the Tortuguero Lagoon and any areas that are not subject to its restrictions; and showing the larger parcel, the parcel taken, and the very small parcel which is not within the special zoning area.

WHEREFORE, Plaintiff respectfully moves this Court to accept this informative motion and the attached exhibit.

### CERTIFICATE OF SERVICE

I hereby certify that, on this day a copy of the foregoing motion was faxed and mailed to Maurice V. Piza, 5500 Prytania Street, New Orleans LA 70115, Fax 504-277-2358.

Respectfully submitted, in San Juan, Puerto Rico, this 8th. day of December, 2004.

H.S. GARCIA
United States Attorney

*ss/Jose M. Pizarro Zayas*
JOSE M. PIZARRO ZAYAS
USDC # 116905
Assistant U.S. Attorney
Torre Chardon Suite 1201
350 Chardon Street
Hato Rey, Puerto Rico 00918
Tel. (787) 282-1840
Fax. (787) 766-6219

PAUL HARRISON
JEFFREY TAPICK
Attorneys, U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 561 - Ben Franklin Station
Washington, D.C. 20044
Telephone:    202-305-0299
Fax:               202-305-0398