IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br><br>vs<br><br>33.92356 ACRES OF LAND MORE OR LESS, SITUATED IN VEGA BAJA, COMMONWEALTH OF PUERTO RICO, AND JUAN PIZA BLONDET, AND ANY UNKNOWN OWNERS<br>Defendants | CIVIL 98-1664CCC<br>CIVIL 98-2344CCC |

# O R D E R

The case before us is an action for expropriation of a parcel of land used by the Federal Aviation Administration for a beacon antennae and control room for en-route aviation navigation in the Caribbean area.  On June 8, 1998 the government filed this Complaint in Condemnation.  Judge Gilberto Gierbolini held a hearing on October 26, 1999 to determine the method to be used for appraising the value of the condemned portion of the land.

In our order dated November 22, 2004 we ordered defendant Pizá-Blondet to provide, no later than December 7, 2004,  copies of all permits and zoning variances he had obtained, photographs of all projects on which clearing or construction had begun or had been completed, a map of where on the parcel these projects exist or areas for which the projects have been approved, and any other evidence he has to support his contention that highest and best use for the entire parcel would be for medium density.

Pizá-Blondet failed to comply with our order or request an extension of time.  The facts, law and jurisprudence discussing the choice of methodology to be used for appraisal of the expropriated parcel was discussed in our previous opinion of November 22, 2004 (see docket entry 82) and, therefore, we do not repeat them here.

Based upon our analysis in the previous order referred to above, we find that the government has demonstrated that two parcels meet the criteria to be considered as one unit

CIVIL 98-1664CCC                                                     2

for purposes of using the "before and after' method of valuation; that is, that there is unity of ownership, contiguity, and unity of use.  Pizá-Blondet has failed to produce any evidence that potential use for medium density housing, which he advocates, was reasonably practicable, reasonably probable, and lawful within the near future, in 1998.  <u>See</u>, <u>U.S. v. 7.92 Acres of Land</u>, 769 F2d 4, 10 (1st Cir. 1985).

Accordingly, the Court finds that the "before and after" method of appraising the piece of expropriated land is the proper method to be used in this case.  The evidence Pizá-Blondet produced at the hearing in 1999 was purely speculative, and, with the passage of time, does not rebut plaintiff's evidence that the highest and best use of the entire property is for passive recreation.  Therefore, he may not present a theory of a higher or better use to the jury.

The case is hereby referred to Magistrate Judge Gustavo A. Gelpí for a settlement conference.  If the case does not settle, it will be set for pretrial and trial.

SO ORDERED.

At San Juan, Puerto Rico, on December 23, 2004.

                                                            S/CARMEN CONSUELO CEREZO
                                                            United States District Judge