UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>33.92536 ACRES OF LAND, MORE )<br>OR LESS, SITUATED IN VEGA BAJA, )<br>COMMONWEALTH OF PUERTO RICO, )<br>AND JUAN PIZA BLONDET, AND )<br>UNKNOWN OWNERS )<br>)<br>Defendants. ) | CIVIL NO. 98-1664 (CCC)<br>CIVIL NO. 98-2344 (CCC)<br>Consolidated Cases |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S REPLY MEMORANDUM, DECLARATION OF CARLOS E. GAZTAMBIDE, AND LETTER MOTION SUBMITTING ADDITIONAL DOCUMENTS**

Plaintiff United States of America ("Plaintiff" or the "Government"), by and through its undersigned counsel, hereby respectfully moves this Court to strike Defendant's Reply Memorandum (Docket No. 109), the accompanying Declaration of Carlos E. Gaztambide (Docket No. 110), and the Letter Motion Submitting Additional Exhibits (Docket No. 111). Rather than rebut the Government's Response to the 16 exhibits produced by Defendant on February 11, 2005, Defendant's Reply and the related filings introduce upwards of 25 new exhibits and other evidence on a wide range of matters that are irrelevant and non-responsive to the narrow inquiry presented in the Court's November 22, 2004 Order. Furthermore, by including and emphasizing this new and extraneous evidence in a reply memorandum, Defendant has denied the Government an opportunity to adequately respond to this information, and has exceeded the permissible scope of a reply under the Local Rules.

The instant issue, which has been briefed and pending before the Court since October 1999,

concerns the proper appraisal method to be used in this condemnation proceeding. As the Court recognized in its November 22, 2004 Order (Docket No. 82), resolution of this issue depends on whether the Defendant has met his burden of showing that securing zoning and permitting approvals for the proposed use of medium density residential was "reasonably practicable and reasonably probable within the near future" on the date of taking (December 2, 1998), and that the use is "not invalid as a matter of law." If Defendant fails to meet this burden, then the Government will have successfully demonstrated that the "before and after" method is the proper appraisal method, as this Court explained in its December 23, 2004 Order (Docket No. 89).[1] Focusing on this narrow inquiry, in its November Order the Court held that the six years that had passed since the date of taking was "a reasonable length of time for the near future in which [Defendant] could demonstrate that his proposed use is probable." Consequently, the Court ordered Defendant to produce documentary evidence of any <u>obtained</u> development permits and zoning variances or other documentary evidence to support his proposed use of medium density housing.

On February 11, 2005, in compliance with the Court's November Order, Defendant submitted 16 exhibits to the Court, but did not provide any accompanying legal memorandum describing what these documents were or how they supported Defendant's proposed use of medium density housing. Accordingly, the Government sought and received permission from the Court to file a Response (Docket No. 106) that described these newly-produced documents and asserted that these documents fail to show that regulatory approval of the proposed use of medium density housing was reasonably

---

[1] The December 23, 2004 Order was later vacated, with the Government's consent, to permit the Defendant additional time to present documents in response to the Court's November 22, 2004 Order.

practicable and reasonably probable within the near future on the date of taking, or valid as a matter of law.

Now Defendant has filed a Reply that goes far beyond the Court's narrow inquiry by introducing voluminous and new fact and opinion evidence concerning a wide range of extraneous subjects, such as new ecological studies concerning the impact of development on the Tortuguero Lagoon, new references to residential development in the vicinity of the subject parcel, and even a suggestion that a new proposed use (sand extraction) should be considered. Notably, these filings fail to address whether regulatory approval of the proposed use of medium density housing was reasonably practicable and reasonably probable, or valid as a matter of law, within the near future of December 2, 1998. Defendant's filings attempt to circumvent the Court's November 22, 2004 Order, jettison the past six years of progress made by the parties and the Court toward resolving this issue, and re-start this process from scratch with new fact and opinion evidence.[2]

In the six years that this issue has been pending before the Court, the parties have had ample opportunity, through legal memoranda and the October 26, 1999 evidentiary hearing, to present evidence and argument supporting their positions. The Court's November 22, 2004 Order granted Defendant yet another opportunity to present evidence relating to the single narrow issue of whether regulatory approval of the proposed use of medium density was reasonably probable and reasonably practicable within the near future on the date of taking, and valid as a matter of law. When Defendant

---

[2] Furthermore, the exhibits attached to these filings consist of a loosely organized jumble of plats, surveys, plans, and photos, many of which have not been translated (in violation of Local Rule 10(b)), and none of which are identified or explained in any comprehensible manner that would assist the Court in resolving the pending issue of the proper appraisal method.

3

missed the deadline set forth in the November 2004 Order for producing this evidence, the Government consented to grant Defendant additional time to produce responsive documents, which Defendant did on February 11, 2005. Therefore, it is inappropriate for Defendant now to introduce new fact and opinion evidence concerning such unrelated subjects as ecological studies of development impact, or a new proposed use of sand extraction. The vast majority of documents Defendant has included in these filings are documents that pre-date the Court's November 22, 2004 Order, which indicates that Defendant could have produced these documents in February 2005, but neglected to do so. Furthermore, although a cursory inspection indicates that these documents lack relevance, by presenting this new evidence in a reply brief at this late stage in the proceeding, Defendant has effectively denied the Government an opportunity to adequately respond to this evidence.

In addition, despite Defendant's assurances to the contrary in the opening paragraph of their Reply, these filings exceed the permissible scope of a reply under Local Rule 7.1(c), because they are not "strictly confined to replying to new matter" raised in the Government's Response. See D. P.R. L. Cv. R. 7.1(c). The only "new matter" raised in the Government's Response concerned an expert analysis of the 16 exhibits produced by Defendant in February 2005. Yet, instead of being "strictly confined to replying to" the new data and analysis contained in the Government's Response, Defendant's filings introduce upwards of 25 additional exhibits and make reference to other new evidence on a range of unrelated matters, in violation of Local Rule 7.1(c).

For the foregoing reasons, the Government respectfully requests that the Court strike Defendant's Reply, the accompanying Declaration of Mr. Gaztambide, and the Letter Motion Introducing New Documents.

4

Respectfully submitted this 24th day of May 2005.

                                              Counsel for Plaintiff United States

                                              JEFFREY M. TAPICK
                                              PAUL HARRISON
                                              Attorneys, United States Department of Justice
                                              Environment & Natural Resources Division
                                              P.O. Box 561, Ben Franklin Station
                                              Washington, D.C. 20044
                                              Tel: (202) 305-0297
                                              Fax: (202) 305-0398

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of May, 2005, a true and correct copy of the foregoing Plaintiff's Unopposed Motion for Stay of Ruling and for Briefing on the Relevance and Effect of Defendant's Newly Produced Documents was served via email and by U.S. Mail addressed to:

>Maurice V. Piza, Esq.
>5500 Prytania Street
>New Orleans, LA 70115
>maurpi1@yahoo.com
>
>David C. Vidrine, Esq.
>9061 West Judge Perez Dr.
>Chalmette, LA 70043
>dcv1234@cox.net

_____
JEFFREY M. TAPICK