UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL NO. 98-1664 (ADC) |
| | ) | CIVIL NO. 98-2344 (ADC) |
| vs. | ) | Consolidated Cases |
| | ) | |
| 33.92536 ACRES OF LAND, MORE | ) | |
| OR LESS, SITUATED IN VEGA BAJA, | ) | |
| COMMONWEALTH OF PUERTO RICO, | ) | |
| AND JUAN PIZA BLONDET, AND | ) | |
| UNKNOWN OWNERS | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT STATUS MEMORANDUM

Plaintiff United States of America (the "United States") and Defendant Juan Piza-Blondet ("Defendant") hereby respectfully submit this Joint Status Memorandum in accordance with this Court's May 16, 2006 Order (Docket Entry 123). As required by the Court's Order, the parties have set forth below (a) an account of the status of this case; (b) matters or motions pending consideration of the Court; (c) the parties' willingness to consent to the trial judge jurisdiction of the Magistrate Judge; (d) proposed scheduling within which all pending pre-trial stages or issues must be completed; (e) whether the parties are ready to engage in meaningful settlement negotiations and conference; (f) dates on which this case may be set for a conference within the period of June 12, 2006 and July 19, 2006.

**A.    Status of the Case**

On December 2, 1998, the United States filed a Complaint in Condemnation and a Declaration of Taking in Civil No. 98-2344 to acquire the fee simple interest in a parcel of approximately 33.05 acres of land, together with a non-exclusive access easement in

approximately 0.87 acres of land.[1/]  The public use for which the United States acquired these 33.92 acres (the "subject property") was for the Federal Aviation Administration to continue operating a non-directional radio beacon facility in Vega Baja, Puerto Rico.  At the time of filing, the United States deposited $320,636.00 in the Registry of the Court as the estimated just compensation owed for the taking.[2/]

The subject property is situated in the middle of a larger parcel consisting of roughly 400 acres owned by Defendant.  The subject property and its surroundings fall within the Tortuguero Lagoon Hydrographic Basin, a special zoning area designed to control development that would adversely impact one of the few remaining pristine freshwater lagoons in Puerto Rico.  Aside from the FAA tower facility, the subject property and its surroundings are currently vacant and undeveloped.  The subject property contains both uplands and low-lying wetlands, with the uplands constituting approximately 19 acres and the wetlands approximately 14 acres.[3/]

These consolidated cases were originally assigned to District Judge Gilberto Gierbolini.

---

[1/] Previously, on June 8, 1998, the United States filed a Complaint in Condemnation and a Declaration of Taking in Civil No. 98-1644 to acquire a leasehold interest and non-exclusive access easement in the same 33.92 acres of land.  Judge Gilberto Gierbolini subsequently consolidated the cases.

[2/] The United States had previously deposited $54,664.00 as the estimated just compensation for the taking of the leasehold interest.  See Docket Entries 2, 27, and unnumbered Certification dated December 11, 1998.  In all, the United States deposited a total of $375,300.00 as the amount of estimated just compensation in these consolidated cases.  Defendant landowner Juan Piza-Blondet already has withdrawn these deposits from the registry of the Court.  See Docket Entries 14, 29, 42, 45.

[3/] The exact acreage and location of the wetlands will be determined by an environmental consultant whom the parties have jointly retained for the purpose of preparing a wetlands jurisdictional determination ("JD").  Once the JD has been performed, the parties intend to submit the JD to the United States Army Corps of Engineers for approval.

On October 26, 1999, Judge Gierbolini held a hearing on Defendant's motion to determine the proper appraisal method for calculating just compensation owed for the taking (Docket Entry 65). On April 15, 2004, with Defendant's motion still pending, this case was re-assigned to District Judge Carmen Cerezo. By Order dated November 22, 2004 (Docket Entry 82), the Court ordered Defendant to produce all documents, including any permits and zoning variances that Defendant had obtained, to support the contention that the highest and best use for the condemned land was medium density residential housing. When Defendant failed to respond by the deadline set forth in the Order, on December 23, 2004 Judge Cerezo ruled that Defendant was not permitted to present evidence at trial that the highest and best use for the subject property was medium density residential development (Docket Entry 89).

At a court-ordered settlement conference before Judge Gustavo Gelpi on February 7, 2005, counsel for Defendant produced new documents purporting to show that the highest and best use was medium density residential development. Despite the untimeliness of these documents, the United States did not oppose Defendant's motion for reconsideration of the Court's December 23, 2004 Order in light of these new documents. By Order dated May 31, 2005 (Docket Entry 113), the Court ruled that the new documentary evidence raised a question of fact concerning the issue of the proper appraisal method.

As a result of the Court's May 31, 2005 Order, the parties filed a joint motion (Docket Entry 114) to re-open discovery and retain new expert appraisers. Following a status conference and Judge Cerezo's approval of a Case Management Order (Docket Entry 116), both parties

3

retained new appraisers and exchanged Rule 26(a)(2) written reports.[4/]  Depositions were held during the week of April 3, 2006.

Discovery closed on May 1, 2006 with respect to all issues except (1) responses to outstanding written discovery requests; and (2) completion of the JD by an environmental consultant that the parties have jointly retained.  The United States made requests for additional written discovery during depositions held the week of April 3, 2006, responses to which were due by May 19, 2006.  Defendant made its first requests for written discovery on the last day of the discovery period, May 1, 2006.  The United States' responses to these requests are due on or before June 1, 2006.

With respect to the JD, the parties have jointly retained Gregory Morris, who has stated that he will complete the study by July 1, 2006.  The JD will provide factual data necessary for adjudication of the parties' claims regarding the highest and best use of the subject property.

**B.    Matters Pending Consideration by the Court**

There are no motions pending.  However, the United States soon intends to file a motion to limit the testimony of Defendant's appraiser on the grounds that portions of his expert opinion should be excluded under federal law.

In addition, within thirty days of the date on which Mr. Morris completes the JD, the United States anticipates filing a motion requesting that the Court screen the evidence relating to Defendant's proposed highest and best use at a pre-trial evidentiary hearing pursuant to Rule

---

[4/] Owing to unavoidable scheduling conflicts and obligations in other cases, the parties subsequently filed joint motions for extensions of remaining discovery deadlines, extending the discovery deadline to May 1, 2006 and the deadline for <u>Daubert</u> motions to June 15, 2006. (Docket Entries 117, 119).

71A(h) of the Federal Rules of Civil Procedure.  See United States v. 320.0 Acres of Land, 605 F.2d 762, 819 (5th Cir. 1979) ("It is the trial court's responsibility under Rule 71A(h) to screen all proffered potential use evidence and exclude from consideration by the trier of fact evidence of any potential uses upon which a just compensation award may not, as a matter of law, be based."); see also United States v. 341.45 Acres of Land, 633 F.2d 108, 110-112 (8th Cir. 1980).

**C.     Parties' Willingness to Consent to Trial Judge Jurisdiction of the Magistrate Judge**

It is the United States' position, consistent with the practice and policy of the Department of Justice Environment and Natural Resources Division, not to consent to have the Magistrate Judge serve as the trial judge if the Magistrate Judge oversees court-ordered settlement conferences or alternative dispute resolution efforts.  In February 2005, Judge Gelpi held a settlement conference in this case, and the parties would approve of his continued involvement in settlement discussions.

**D.     Proposed Scheduling**

The parties will discuss proposed scheduling of remaining pre-trial deadlines and conferences with Judge Gelpi at the telephonic status conference set for 2:00 p.m. on May 24, 2006.

**E.     Whether the Parties are Willing to Engage in Meaningful Settlement Negotiations**

The United States remains willing to engage in meaningful settlement negotiations and discussions with Defendant.  Resolution of the anticipated motions described in Section B, supra, is likely vital to the success of settlement discussions.

**F.     Dates for Which this Case May be set for Conference**

This matter is already set for a telephonic status conference before Judge Gelpi on May

24, 2006 at 2:00pm. To the extent that dates for additional conferences must be set, the parties will discuss those dates with Judge Gelpi during the telephonic status conference set for 2:00 p.m. on May 24, 2006.

Counsel for both parties have read and agreed to this memorandum and counsel for Defendant has authorized the undersigned to file this as a joint memorandum.

Respectfully submitted this 23rd day of May 2006.

| | |
|---|---|
| H.S. GARCIA<br>United States Attorney | J. WAYNE MUMPRHEY<br>MAURICE V. PIZA<br>/s/ David C. Vidrine |
| JOSE M. PIZARRO-ZAYAS<br>Assistant United States Attorney<br>Torre Chardon, Suite 1201<br>350 Carlos Chardon Ave.<br>San Juan, PR 00918<br>Tel: (787) 766-5656<br>Fax: (787)766-6219 | DAVID C. VIDRINE<br>Mumprhey Law Firm, LLC<br>109-A Smart Place<br>Slidell, LA 70458<br>Tel: (504) 569-0661<br>Fax: (504) 279-0806 |
| SUE ELLEN WOOLDRIDGE<br>Assistant Attorney General | ATTORNEYS FOR DEFENDANT<br>JUAN PIZA-BLONDET |

/s/ Jeffrey M. Tapick
JEFFREY M. TAPICK
Federal Bar Number G00206
PAUL HARRISON
Trial Attorneys
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 561, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 305-0297; -0299
Fax: (202) 305-0398

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 23rd day of May 2006, a true and correct copy of the foregoing motion was served via email and electronic notification to:

> Maurice V. Piza, Esq.
> 5500 Prytania Street
> New Orleans, LA 70115
> maurpi1@yahoo.com
>
> David C. Vidrine, Esq.
> 9061 West Judge Perez Dr.
> Chalmette, LA 70043
> dcv1234@cox.net

    /s/ Jeffrey M. Tapick
    JEFFREY M. TAPICK