# EXHIBIT 3

# Deposition of
# Julio Toro & Accompanying
# Exhibit

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO


********************************
UNITED STATES OF AMERICA          :
                                  :
                Plaintiff         :
                                  :
        v.                        :CIVIL NO. 98-1664(CCC)
                                  :CIVIL NO. 98-2344(CCC)
33,92536 ACRES OF LAND, MORE      :
OR LESS, SITUATED IN VEGA BAJA,   :
COMMONWEALTH OF PUERTO RICO,      :
AND JUAN PIZA BLONDET, AND        :
UNKNOWN OWNERS                    :
                                  :
                Defendants        :
                                  :
********************************
DEPOSITION OF:

            JULIO TORO McCOWEN

was taken on April 7, 2006 at the offices of the UNITED

STATES ATTORNEY FOR THE DISTRICT OF PUERTO RICO, Torre

Chardon, Chardon Avenue, Hato Rey, Puerto Rico,

commencing at 9:38 a.m.


**BONAFIDE REPORTING SERVICE**
**PO BOX 11850**
**SUITE 236, SAN JUAN, PR 00922-1850**
**(787)250-8507**

18

EXAMINATION CONTINUED

BY MR. PIZA:

Q    You're going to continue identifying the other documents you brought with you today.

A    Where were we?

Q    The letter.

A    There's a motion assuming legal representation, Attorney Carlos Colon Marchand, there's a complaint from the Natural Resources Department against Juan Piza Blondet and the year is, '94, right. There is a notice and warning signed by the colleague here present.  There's also a notification to Mr. Juan Piza as the person who the complaint is being brought against and this is for a public hearing in October of 1998.  There's a motion for suspension signed by my colleague here to my left.

Q    A suspension of what?

A    That for the date that that public hearing was scheduled for, the colleague here was involved in a case of, labor related case.  This shouldn't be here.

Q    Is that another document?

A    Here is another notice.  It's the same one, it was here before.

Q    Of the documents you brought here today, which



**DEPARTAMENTO DE RECURSOS NATURALES**

28 de septiembre de 1993

~ref. *William Suárez*~
Sgto. William Suárez
Area de Tortuguero

# URGENTE

Frank Cruz Alvarez
Ingeniero Graduado

**EXTRACCION DE ARENA SILICE SIN PERMISO EN TERRENOS PROPIEDAD DEL SEÑOR JUAN PIZA BLONDET.**

El jueves 23 de septiembre de 1993, visité en compañía del Sgto. Suárez y de la Oficial de Manejo de Tortuguero, la Sra. Eileen Ortíz, la finca propiedad del Sr. Juan Pizá Blondet.  Esta finca está localizada en la Carr. PR-687, Km. 3.5, Bo. Yeguada del municipio de Vega Baja.  De la evaluación realizada se desprende lo siguiente:

1. El pasado martes 24 de agosto de 1993 hice una visita al área señalando varias violaciones en las que estaban incurriendo el Sr. Pizá.  Para su beneficio anejo copia de este informe.

2. Actualmente se ha continuado extrayendo en violación al permiso emitido por el Departamento y al Reglamento de Corteza Terrestre.

3. Entre las violaciones están el extraer en un área no autorizada por el permiso formal y que forma parte de la zona I de la Laguna de Tortuguero, no se está guardando la distancia requerida a los colindantes y no existen controles para la formación de polvo fugitivo.

**CONCLUSIONES Y RECOMENDACIONES:**

El permitir que se continúen con estas prácticas podría afectar la Laguna Tortuguero y a los residentes del área.  Por esta causa entiendo necesaria la acción inmediata de la División Legal para impedir que se continúe violando los reglamentos y el permiso.

Recomiendo que el Cuerpo de Vigilantes intervenga y paralice toda extracción que no cumpla con las condiciones del permiso formal que posee el Sr. Pizá.  Ya se le indicó al Sr. Jesús Meléndez Jefe de Guardianes, que coloque un Guardian permanente en esta área para velar por el cumplimiento del permiso.

FC/nps

JT000237

 **DEPARTAMENTO DE RECURSOS NATURALES**

93 SEP 29 PM 1:23

27 de agosto de 1993

Sgto. William Suárez
Área de Tortuguero

Sr. Frank Cruz Alvarez
Ingeniero Graduado

EXTRACCION DE ARENA SIN PERMISO
EN TERRENOS PROPIEDAD DEL SR. JUAN
PIZA BLONDET

El martes 24 de agosto de 1993 visité en compañía del Sgto.
Suárez la finca propiedad del Sr. Juan Pizá Blondet. Dicha finca
se encuentra enclavada en el sector Guarico del Bo. Yeguada en
Vega Baja. De la inspección realizada se desprende lo siguiente:

1. El señor Pizá tiene un permiso formal para extraer arena
   sílice en un área de su finca con cabida de 7.65 cuerdas.

2. Este predio de terreno ubica al final de un camino asfaltado
   que esta localizado en el km 3.5 de la Carr. PR-687 (ver plano
   adjunto).

3. Actualmente se esta extrayendo en un área que no forma parte
   del predio que se autorizó mediante el permiso Núm. DRN-CT-
   FP-060-90.

4. En ambas áreas se encuentran montículos de material dispersos
   lo que indica que la extracción no se esta llevando a cabo de
   manera ordenada.

5. Se pudo observar que había bastante polvo fugitivo y el área
   no estaba húmeda.

6. La extracción que se esta llevando a cabo fuera del área
   autorizada por el permiso esta a menos de diez (10) metros
   de la colindancia.

RECOMENDACIONES:

Por ser esta un área de planificación especial para el Departamento
y estar en clara violación con el Reglamento de Corteza Terrestre
recomiendo:

JT000238



**≡≡ DEPARTAMENTO DE RECURSOS NATURALES Y AMBIENTALES ≡≡**

| | | |
|---|---|---|
| JUAN PIZA BLONDET | ^ | QUERELLA NUM. 94-421-CT |
| | ^ | |
| | ^ | SOBRE: TRANSGRESION LEY NUM. 144 |
| | ^ | DE 3 DE JUNIO DE 1976, SEGUN |
| QUERELLADO | ^ | ENMENDADA |
| ^ ^ ^ ^ ^ ^ ^ ^ ^ ^ ^ ^ | ^ | |

### N O T I F I C A C I O N

La vista en el caso de epígrafe estaba citada para el 22 de enero de 1997. El día 21 de enero de 1997, el abogado de la parte querellada, Lcdo. Andrés L. Córdova, sometió una moción solicitando la suspensión de los procedimientos por varias razones. Alegó que no se había contestado la Moción presentada por él solicitando la inhibición de esta Oficial Examinadora, que se resolviera la Oferta de Transacción presentada por el querellado y que él tenía señalada una vista en el Tribunal de Humacao ese mismo día por lo que no podría asistir a la vista en el Departamento de Recursos Naturales y Ambientales.

Esta querella fue radicada en la Oficina de Secretaría el día 19 de agosto de 1994. En la misma se le imputaba al querellado Pizá Blondet, el haber violado condiciones y limitaciones especiales al permiso formal número CT-FP-060-90, otorgado por este departamento para una finca de su propiedad, localizada en la Carr. 687, Km. 3.5, Bo Yeguada en Vega Baja. En la querella se le citaba a una conferencia entre las partes el día 16 de septiembre de 1994.

El 7 de septiembre de 1994, el Lcdo. Roberto L. Córdova, compareció en representación del querellado Juan Pizá Blondet. En la misma solicitaba copia del informe presentado por el técnico Frank Cruz y solicitaba además la suspensión de la conferencia del 16 de septiembre de 1994. La Oficial Examinadora, declaró con lugar la Moción de suspensión y concedió un término de 20 días para contestar la querella.

El 15 de agosto de 1995, el Lcdo. José Tous, representante legal del Departamento de Recursos Naturales y Ambientales, radicó una Moción, señalando entre otras cosas, la necesidad de celebrarse una vista en este caso por que había transcurrido un año desde la radicación y nunca se cumplió con la Orden emitida por la oficial examinadora, por parte del querellado. La Oficial Examinadora, emitió una notificación donde establecía que al Sr. Pizá, no le corrían los términos de 20 días por que la notificación del 15 de septiembre de 1994, no había evidencia de haber sido despachada, (del expediente se desprende que fue notificada). Se llamó a una conferencia para el 30 de octubre de 1995.

El 30 de octubre de 1995, la Oficial Examinadora en el caso, emitió una notificación. En la misma se señaló que el querellado ni su abogado habían comparecido. Que no habiendo evidencia de que se había notificado debidamente, (a pesar de haberse notificado a la dirección de récord del Lcdo. Córdova), se volvió a citar a una conferencia para el 30 de noviembre de 1995. Se le volvió a dar un término de 20 días para contestar la querella del 16 de agosto de 1994.

El 13 de diciembre de 1995, la Oficial Examinadora, volvió a citar a una conferencia para el 18 de enero de 1996, ya que no compareció nadie a la conferencia del 30 de noviembre de 1995. Se le recordó al querellado que aún no había cumplido con el término de contestar la querella. Se le advirtió que podría ser sancionado de no comparecer. Esta notificación se envió por correo certificado con acuse de recibo. La notificación enviada al querellado fue devuelta. No así la enviada a su representante legal.

AVE. MUÑOZ RIVERA, PDA. 31/2, SAN JUAN, P.R. / APTDO. 5887, PUERTA DE TIERRA, P.R. 00906 / TEL. (809) 724-8774

JT000192

Página 2
Notificación
Juan Pizá Blondet


El 12 de febrero de 1996, el Lcdo. Andrés L. Córdova, asumió la representación del querellado. Indicó en la moción presentada que el Lcdo. Roberto L. Córdova, fue nombrado juez federal, por lo que no podía comparecer. Alegó además que la dirección a la que se le enviaban las notificaciones eran la antigua dirección del Lcdo. Córdova. Además, que la dirección del querellado estuvo en parte incorrecta e indicó la dirección correcta del querellado. Indicó que él había recibido la notificación en la primera semana de febrero y que obviamente no pudo comparecer a la conferencia. Que solicitaba una nueva fecha para la celebración de la conferencia. El Lcdo. Córdova, no explicó como recibió la Notificación. El Cuerpo de Vigilantes del Departamento de Recursos Naturales y Ambientales, trato en varias ocasiones de realizar un diligenciamiento personal de las notificaciones, pero, siempre que iban a la residencia del Sr. Pizá, este no se encontraba.

El 10 de abril de 1996, el Lcdo. Andrés L. Córdova, presentó la contestación a la querella negando todas las alegaciones por ser ambiguas y como defensas afirmativas planteó que la querella estaba prescrita, que era académica, que la querella dejaba de exponer hechos que justificaran la concesión de un remedio y que era ambigua y confusa. Solicitaba que se desestimara la querella. A la contestación de esta Moción, la Oficial Examinadora, citó a una conferencia para el día 14 de junio de 1996.

En la conferencia del 14 de junio de 1996, las partes acordaron presentar una estipulación en un término de 30 días. El 29 de julio de 1996, se emitió una notificación donde se le daba un término adicional de 10 días para someter el acuerdo de transacción, de lo contrario, se citaba a una conferencia para el día 19 de agosto de 1996. El 14 de agosto de 1996, el Lcdo. L. Córdova, sometió una moción solicitando la suspensión de la vista y que se deje sin efecto la orden donde se le daba término de 10 días para someter el acuerdo de transacción. El 13 de agosto se le declaró no ha lugar a la moción de suspensión. Que si se llegara a un acuerdo de transacción fuera sometido previo a la vista. A la vista no compareció el Abogado del Querellado ni éste. Solo compareció el Abogado del Interés público, Lcdo. José M. Tous, quien le informó a esta Oficial Examinadora en qué consistía la oferta de transacción. El Lcdo. Tous, le informó a esta oficial examinadora, que el Area de la Administración de Recursos Naturales, no tenía conocimiento en qué consistía el acuerdo de transacción. Esta Oficial Examinadora, citó a una segunda conferencia donde debían estar presentes distintas partes del Departamento de Recursos Naturales y Ambientales.

La conferencia se llevó a cabo el 25 de octubre de 1996. A esta conferencia compareció el Lcdo. Andrés L. Córdova, representando al querellado, así como el Lcdo. José Tous, representante legal del Departamento de Recursos Naturales y Ambientales. Estuvieron tan bien presentes, el Sr. Robert Matos, quien ocupa el cargo de Director de Reservas y Santuarios del Departamento de Recursos Naturales y Ambientales y la Srta. Eileen Ortiz, Oficial de Manejo de Tortuguero. En esa conferencia es donde, por primera vez, el Sr. Matos, se entera de que las conversaciones que han sostenido los abogados podrían dar lugar a una transacción. La oferta de transacción consitía en ceder en usufructo al Departamento de Recursos Naturales y Ambientales, de 1,000 a 1,500 metros de terrenos en el área adyacente a la rampa en la laguna tortuguero para que se construyeran unas facilidades para la oficial de manejo. Como no se tenía claro del lugar que se estaba hablando y los abogados estaban poniéndose de acuerdo en cuanto a la transacción, esta oficial acompañó al Sr. Robert Matos, a buscar un mapa a la Oficina de Patrimonio del dentro del Departamento que nos facilitara determinar el lugar específico

JT000193

Página 3
Notificación
Juan Pizá Blondet

donde se pretendía ceder los terrenos, ya que ninguno de los abogados tenían mapas que indicaran el lugar. En esa conferencia se acordó que dentro de las dos semanas siguientes a la conferencia, el Lcdo. Tous, debía reunirse con todas las oficinas que pudieran verse afectadas de una manera u otra con la determinación que se tomara. Se hizo claro que las conversaciones sostenidas entre los representantes legales no obligaban a ninguna de las partes.

Transcurridas las dos semanas sin que el Lcdo. Tous, se reuniera con las demás áreas, esta oficial examinadora verificó que gestiones si algunas se habían hecho. Así que se comunicó con el Lcdo. Tous, y le indicó que debía sostener la reunión para el día 26 de noviembre de 1996, y que se comunicara con el Sr. Robert Matos, para que coordinara las demás Oficinas que debían estar en esta reunión. El 25 de noviembre de 1996, se emitió una resolución donde esta oficial examinadora cita para dicha reunión aclarando, quien estará a cargo de la reunión. Se citó además, a una inspección ocular para el 19 de diciembre de 1996, y una conferencia con antelación a la vista para el día 22 de enero de 1997. A la inspección ocular no comparecieron los representantes legales, así como tampoco el querellado. El 5 de diciembre de 1996, el Lcdo. Andrés Córdova, sometió una moción en solicitud de nuevo señalamiento, alegando que se sostuvo una reunión donde su representado no estuvo presente y que se dejara sin efecto cualquier reunión que se hubiese sostenido. Esta Oficial Examinadora envió una notificación aclarando, entre otras cosas que no había estado presente en la reunión. El 27 de diciembre de 1996, el Lcdo. Córdova, sometió una Moción en solicitud de inhibición de la Oficial Examinadora, pero en ningún momento se excusa por no haber comparecido a la inspección ocular. El Lcdo. José L. Ortega, Director de la Oficina de los Oficiales Examinadores, contestó el día 17 de enero de 1997, declarando no ha lugar a la Moción de Inhibición y señala que en la conferencia del 22 de enero de 1997, el querellado podrá tener el insumo del informe que se prepararía.

Con la Moción de Suspensión sometida el 21 de enero de 1997, el Lcdo. Córdova, no sometió evidencia del señalamiento conflictivo. Tampoco cumplió con el artículo 18 del reglamento de Procedimientos de Adjudicación y Multas Administrativas, que establece el término para pedir suspensión o transferencia. Toda solicitud se debe someter con 5 días de anticipación a la fecha de la vista. Desde el 25 de noviembre de 1995, el Lcdo. Córdova, conocía de este señalamiento, así que pudo haber pedido la suspensión en tiempo. Aún así, el Lcdo. Tous, se comunicó con el Lcdo. Córdova, y este le indicó que llegaría a la vista, cosa que no hizo.

El día 13 de febrero de 1997, mientras se encontraba pendiente de trámites administrativos esta notificación, el Lcdo. Andrés L. Córdova, presentó una moción de renuncia de representación legal. En la misma informa que el querellado Juan Pizá Blondet, y él han dado por terminado su contrato de servicios profesionales y que solicita a esta Oficial Examinadora acepte su renuncia a la representación legal ante este Departamento.

Esta Oficial Examinadora declara CON LUGAR dicha renuncia de representación legal y le concede al querellado un término de 30 días a partir del archivo de esta Notificación para que contrate representación legal si así lo desea. Esta Oficial Examinadora le quiere recordar al Sr. Pizá Blondet, que siendo este procedimiento administrativo, no está obligado a estar acompañado de representación legal. La Ley 170 de 12 de agosto de 1988, conocida como Ley de Procedimiento Administrativo Uniforme concede a las personas la opción de estar o no representadas por abogado en los

Página 4
Notificación
Juan Pizá Blondet

procedimientos administrativos.

Si el Querellado opta por venir representado de abogado, en el término de 30 días a partir del archivo de ésta notificación, este deberá asumir representación legal por escrito, para continuar con los procesos.

En San Juan, Puerto Rico, a 25 de febrero de 1997.

Myrna Abreu Del Valle
Oficial Examinador

Regístrese y Notifíquese
CERTIFICO: Haber archivado en autos el original del presente escrito y notificado con copia fiel y exacta el día 3 de Marzo de 1997, a:

Lcdo. Andrés L. Córdova, Calle 12, A-25 Altos, Urb. Fajardo Gardens Fajardo, Puerto Rico, 00738

Sr. Juan Piza Blondet, Edif. Vanderbilt Apartments Condado, Ave. Ashford 1024, Santurce, Puerto Rico, 00907

Lcdo. José M. Tous Cardona, Oficina de Asuntos Legales, DRNA.

Sr. Robert Matos, Reserva y Santuarios, DRNA

Sra. Eileen Ortiz, Oficial de Manejo de Tortuguero, DRNA

Secretaría

Por: _____
Oficial de Secretaría

JT000195

Gobierno de Puerto Rico
Departamento de Recursos
Naturales y Ambientales

JUAN PIZA BLONDET                   CASO NUM. 94-421-CT

                                    SOBRE:  VIOLACION A LA
                                    LEY NUM. 144 DE 3 DE JUNIO
                                    DE 1976, ART. 1.00, S/E
PETICIONARIO

P.O Box 9066600

Pta. de Tierra Station

San Juan P.R. 00906-6600

Tel. (787) 724-8774

Fax (787) 723-4255

R E S O L U C I O N

El día 26 de octubre de 1998, se llamó el caso de
título para la vista en su fondo.  Compareció el Lcdo.
Carlos Colón Marchand representando al Querellado quien
estuvo presente. El Lcdo. José M. Tous Cardona, abogado
del interés público con sus testigos Vigilante Sgto.
William Súarez y la técnico Eileen Ortíz, Oficial de
Manejo.

El Oficial Examinador Eduardo Morales Soto rindió su
informe en el cual expresa los hechos y el derecho
aplicable y el mismo se hace formar parte de esta
Resolución.  Luego de evaluar y examinar el informe, en
el ejercicio de mi discreción, acepto la recomendación
vertida en el mismo y de conformidad con la Ley Núm. 170
de 12 de agosto de 1988 y la Ley Núm. 144 de 3 de junio
de 1976, según enmendadas, se dispone:

O R D E N

1.  Se declara **CON LUGAR** la Querella y probadas
    las violaciones a las condiciones especiales
    2,4,8,11 y 19 del permiso DRNA-CT-FP-060-90 se
    impone una multa administrativa al Sr. Juan
    Piza Blondet de $5,000.00 en cada cargo para
    un total de $25,000.00.

2.  Se **ORDENA** al Sr. Juan Piza Blondet que cumpla
    con la restauración de su finca conforme a la
    forma y manera expresadas en las condiciones y
    limitaciones números 9 y 11 del permiso
    otorgado.

3.  Se apercibe a cualquier parte adversamente
    afectada por esta Resolución, que conforme a
    lo establecido en la sección 3.15, de la Ley
    Núm. 170, del 12 de agosto de 1988, según
    enmendada, tiene derecho a solicitar
    reconsideración de la misma dentro del término
    de veinte (20) días a partir del archivo en
    autos de la notificación. La radicación de la
    solicitud de reconsideración no es un
    requisito jurisdiccional para acudir en
    revisión judicial. Se apercibe además, que a
    tenor con lo dispuesto en la Sección 4.2 de la
    Ley Núm. 247, de diciembre de 1995,
    toda parte adversamente afectada por la
    resolución final del caso y que haya agotado
    los remedios provistos por el Departamento,
    podrá presentar una solicitud de revisión
    judicial ante el Tribunal de Circuito de

JT000153

Página Núm. 2
Resolución

Apelaciones dentro de un término de treinta
(30) días a partir del archivo en autos de la
notificación de la resolución, o a partir de
la fecha aplicable de las dispuestas en la
Sección 3.15, de la Ley Núm. 170 del 12 de
agosto de 1988, según enmendada, cuando el
término para solicitar la revisión judicial
haya sido interrumpido mediante la
presentación oportuna de una moción de
reconsideración.

En San Juan, Puerto Rico, a _9_ de _Noviembre_ de 1998.

Daniel Pagán Rosa
Secretario

Regístrese y Notifíquese
CERTIFICO: Haber archivado en autos el original del
presente escrito y notificado con copia fiel y exacta el
día _13_ de _noviembre_ de 1998 a:

Sr. Juan Piza Blondet; Edificio Vanderbitt Apartments,
Ave. Ashford 1024, Condado, Santurce, P.R. 00907

Lcdo. José Tous Cardona, Oficina Asuntos Legales,
D.R.N.A.

Técnico Eileen Ortíz, Oficial de Manejo de La Reserva
Natural De Tortuguero, D.R.N.A.

Sr. Edwin de Jesús, Recaudador, DRNA

Sgto. William Suárez, Destacamento Tortuguero, Cuerpo
Vigilantes, D.R.N.A.

Secretaría

Por: _____
Oficial de Secretaría

JT000154