IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**,<br><br>v.<br><br>33.92536 ACRES OF LAND,<br><u>et al.</u>,<br><br>**Defendants**. | **CIVIL NO.** 98-1664 (FAB)<br>**CIVIL NO.** 98-2344 (FAB)<br>**(CONSOLIDATED)** |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

On June 10, 1998, the United States filed a Complaint in Condemnation naming Piza-Blondet and other potentially interested parties as defendants. (Docket Nos. 1 and 24)[1] On August 14, 2006, the United States filed a "Combined Motion and Memorandum of Law to Exclude Defendant's Highest and Best Use Evidence" and a Motion *in Limine* seeking to exclude all evidence relating to defendant's appraisal of sand deposits. (Docket Nos. 132 and 133) On April 24, 2007, the United States Magistrate Judge issued a Report and Recommendation recommending that the United States' motion be granted. (Docket No. 155) Defendant submitted several objections to the Report and Recommendation on May 7, 2007. (Docket No. 156) On June 7, 2007 the United States filed its response to defendant's objections. (Docket No. 159)

---

[1] Subsequently, the United States filed a second Complaint in Condemnation, Civil No. 98-2344. The cases were consolidated. (Docket No. 16 in Civil No. 98-2344)

Civil No. 98-1664 (FAB)                                                     2

After reviewing plaintiff's objections, the Court **ADOPTS** the Report and Recommendation.[2]

## I.  Standard for Reviewing a Magistrate Judge's Report and Recommendation

A district court may refer pending dispositive motions to a Magistrate Judge for a report and recommendation. See 28 U.S.C. § 636 (b)(1)(B); Fed.R.Civ.P. 72(b); Loc.Civ.Rule 72(a). Any party adversely affected by the report and recommendation may file written objections within ten days of being served with the Magistrate Judge's report. See 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a de novo determination of "those portions of the report or specified proposed findings or recommendation to which specific objection is made." Sylva v. Culebra Dive Shop, 389 F.Supp.2d 189, 191-92 (D.P.R. 2005) (quoting United States v. Raddatz, 447 U.S. 667, 673 (1980)). Failure to comply with this rule precludes further review. See Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992) In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." 28 U.S.C. § 636 (a)(b)(1). Templeman v. Cris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985); Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc., 286 F.Supp.2d 144, 146

---

[2] The Court will not restate the factual background cogently articulated in the Magistrate Judge's Report and Recommendation. (Docket No. 155, pp. 2-6)

Civil No. 98-1664 (FAB)                                                3

(D.P.R. 2003). Furthermore, the Court may accept those parts of the report and recommendation to which the parties do not object. See Hernandez-Mejias v. General Elec., 428 F.Supp.2d 4, 6 (D.P.R. 2005)(quoting Lacedra v. Donald W. Wyatt Detention Facility, 334 F.Supp.2d 114, 125-126 (D.R.I. 2004)).

**II.  Defendant's Objections to the Report and Recommendation**

The Magistrate Judge concluded that the conclusion of defendant's expert witness, Carlos E. Gaztambide, that the highest and best use of the subject property is residential development and/or sand extraction is overly speculative and should be excluded. (Docket No. 155, pp. 6-14)

Defendant alleges in his objections that the Magistrate Judge's Report and Recommendation conflicts with a prior order stating that the issue of the valuation of the condemned property was to be determined by a jury. (Docket No. 113) By adopting the Magistrate Judge's Report and Recommendation, defendant further argues, this court is infringing on the jury's role of determining the issue of just compensation. Defendant's objection is without merit because the Magistrate Judge's report and recommendation addresses the **admission** or **exclusion** of defendant's highest and best use evidence, **not** the issue of just compensation. (Docket No. 155)  The admission or exclusion of evidence is precisely the function of the court.

Civil No. 98-1664 (FAB)                                                    4
_____

Rule 71A of the Federal Rules of Civil Procedure states that "any party may have a trial by jury on the issue of just compensation". See Fed.R.Civ.P. 71A(h). The Supreme Court held in <u>United States v. Reynolds</u>, 397 U.S. 14, 19-20 (1970) that the trial judge shall decide "all issues" other than just compensation. Therefore, "the trial judge is to decide all issues, legal and factual, that may be presented [to the jury]." <u>Reynolds</u>, 397 U.S. at 19. Trial courts thus have a duty to screen evidence that is based on a speculative use of the property and exclude it from the jury's consideration. <u>United States v. Certain Land Situated in the City of Detroit</u>, 450 F.3d 205, 211 (6th Cir. 2006); <u>United States v. 320 Acres of Land</u>, 605 F.2d 762, 818 (5th Cir. 1979).

It is the trial court's role to determine preliminary questions concerning the admissibility of evidence. Fed.R.Evid. 104(a). Therefore, this court must decide whether defendant's expert testimony satisfies Federal Rule of Evidence 702's relevance and reliability standards for its admissibility. If the court determines that the expert testimony fails to meet these standards, it should exclude that evidence. <u>Gen. Elec. Co. v. Joiner</u>, 522 U.S. 136, 142-44 (1997). Hence, defendant's objection on the issue of just compensation is **DENIED**.

Defendant raises other objections that can be summarized as follows: he argues that the Magistrate Judge failed to consider that a portion of the condemned property was located on high ground

Civil No. 98-1664 (FAB)                                                          5

and not wetland when determining the reasonable probability of the highest and best uses; that the Magistrate Judge overemphasized the length of time that has elapsed since Mr. Piza-Blondet first applied for a sand extraction permit without it being approved; that the Magistrate Judge incorrectly focused on the **zoning** classification of the subject tract rather than the **actual** characteristics of the land at the time of the taking; that the Magistrate Judge did not consider the mitigation bank proposed by defendant's expert or the actual use of the property at the time of the taking; and that the Magistrate Judge did not consider that variances were **routinely** granted in 1998 for residential development and/or sand extraction. (Docket No. 156, pp. 6 and 7) The court addresses these objections in turn.

As the Magistrate Judge correctly stated, Carlos E. Gaztambide's testimony that because part of the condemned property is incorrectly zoned as a B-2 district and that therefore residential development may be allowed there, fails to establish that there is a reasonable probability that the zoning regulations would change or that the necessary permits would be granted in the reasonably near future. (Docket No. 155, pp. 9-12). The Magistrate Judge correctly referenced the sand extraction permit for which defendant had applied in his analysis of whether or not he established a reasonable probability that the zoning regulations would be changed in the reasonably near future. Id. In order to

Civil No. 98-1664 (FAB)                                                        6

do this, the court must look at all the evidence in order to ascertain whether or not the defendant has met his burden of proof. A reasonable person would conclude that if it has taken such a long time to obtain a permit application for sand extraction in a B-2 lot, then such a permit will not be granted in the reasonably near future. Furthermore, in considering the length of time that has elapsed from the date in which defendant applied for the permit, the Magistrate Judge correctly stated that Carlos Gaztambide's opinion was not supported by any documentation and that it was contrary to the existing facts. Id.

Defendant's objection that the Magistrate Judge incorrectly focused on the zoning classification of the subject tract instead of the characteristics of the tract at the time of the taking is also meritless. As the Magistrate Judge correctly stated, if there are any legal restrictions on the use of the subject property, the **defendant** has the burden of proving that there is a **reasonable** probability that the zoning regulations would change or that the necessary permits or variances would be granted in the reasonably near future. (Docket No. 155, p. 9) Defendant has failed to meet this burden.

Furthermore, the Magistrate Judge did consider the feasability of obtaining variances for sand extraction. By reviewing the deposition of the Director of the DNR Earth Crust Division, Julio Toro (who is responsible for issuing sand extraction permits) the

Civil No. 98-1664 (FAB)                                                    7

Magistrate Judge determined that Colon-Gaztambide's opinion was seriously undermined because Mr. Toro stated that it was extremely difficult to obtain a sand extraction permit at the time of the taking. (Docket No. 155, p. 10)  Moreover, Colon-Gaztambide failed to document a single instance in which the Puerto Rico Planning Board has approved a residential housing development in land zoned B-2 to support his opinion that these variances were routinely granted in 1998 at the time of the taking.

Thus, it is patently clear that the Magistrate Judge correctly considered all of defendant's objections in making his determination that defendant's expert opinion lacked the necessary basis and documentation to satisfy the Rule 702 standard and that there was a reasonable probability of defendant's proposed highest and best use. A review of all the exhibits makes clear that defendant has not established that obtaining a permit for residential development or sand extraction on a lot zoned B-2 is plausible.  In fact, the zoning regulations make it clear that almost every other classification has a subsection titled "Re-zoning policy" **except** for the B-2 classification. (Docket No. 132, Exh. 3)

Accordingly, plaintiff's Motions to exclude defendant's highest and best use evidence (Docket Nos. 132 and 133) are hereby **GRANTED.**  A status conference is scheduled for **June 19, 2008** at **9:00 a.m.**

Civil No. 98-1664 (FAB)                                                                                8

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, June 13, 2008.

                                                        s/ Francisco A. Besosa
                                                        FRANCISCO A. BESOSA
                                                        UNITED STATES DISTRICT JUDGE