UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL NO. 98-1664-FAB-BJM |
| | ) | CIVIL NO. 98-2344-FAB-BJM |
| vs. | ) | Consolidated Cases |
| | ) | |
| 33.92536 ACRES OF LAND, MORE | ) | |
| OR LESS, SITUATED IN VEGA BAJA, | ) | |
| COMMONWEALTH OF PUERTO RICO, | ) | |
| AND JUAN PIZA BLONDET, AND | ) | |
| UNKNOWN OWNERS | ) | |
| | ) | |
| Defendants. | ) | |

**THE UNITED STATES' MOTION TO
EXPEDITE THE PRETRIAL CONFERENCE**

Plaintiff the United States of America (the "United States") hereby respectfully submits this motion to expedite the pretrial conference that is currently set for August 14, 2008. The United States requests an expedited pretrial conference so that the parties may address the issue of what valuation testimony and evidence the Defendant is permitted to introduce at the August 18, 2008 trial in light of this Court's June 13, 2008 Order (Docket No. 167).

Since this case was set for trial at the June 19, 2008 status conference, the United States has been making its trial preparations in earnest, and fully expects to be prepared on August 18, 2008 for a trial involving all admissible evidence and testimony that was previously disclosed during the course of discovery. However, despite the fact that discovery has been closed for more than two years, now, on the eve of trial, the Defendant has advised the United States of its intention to introduce entirely new and previously undisclosed testimony regarding the market value and highest and best use of the condemned property. Despite the United States' inquiries, the Defendant has refused to disclose what that new testimony and evidence will be.

Mindful that the Court instructed the parties at the June 19, 2008 telephonic status conference not to file additional pretrial motions, the United States reluctantly brings this motion for the purpose of seeking necessary guidance from the Court about whether the Defendant will be permitted to introduce this untimely new and still undisclosed testimony at trial. Accordingly, and for the reasons set forth below, the United States seeks to expedite the pretrial conference so that this issue may be resolved by the Court sufficiently in advance of trial to provide both parties with adequate time to prepare. In support of this motion, the United States submits the following:

**A.   Prior to the Close of Discovery, the Defendant Disclosed Evidence Based on Sand Extraction, Residential Development, and Conservation/Mitigation.**

1. Prior to the May 1, 2006 close of discovery, the Defendant identified three witnesses who would testify at trial: (1) expert appraiser Carlos E. Gaztambide; (2) expert geologist Dr. James Joyce; and (3) landowner Juan Piza-Blondet. See Defs.' Resp. to U.S. First Interrog. at 1-2 (Ex. 1).

2. The Defendant's expert appraiser, Mr. Gaztambide, prepared a written expert report in which he presented evidence and opinions of value based on the highest and best uses of: (1) sand extraction; (2) residential development; and (3) conservation and/or mitigation. See Docket No. 132-3 at 12-13; Docket No. 132-6 at 5-7.

3. The highest and best uses and associated opinions of value expressed by Mr. Gaztambide in his expert report were as follows:

| Highest and Best Use | Opinion of Value |
|---|---|
| Sand Extraction | $3,000,000 to $6,000,000 |
| Residential Development | $50,000/cuerda for the uplands portion of the subject property |
| Conservation and/or Mitigation | $9,000/cuerda for the wetlands portion of the subject property |

4. The Defendant's expert geologist, Dr. Joyce, prepared a written expert report in which he presented evidence and opinions based on the highest and best use of sand extraction. See Docket No. 133-7 at 3-6.

5. On June 30, 2006, the Defendant stipulated that the landowner, Mr. Piza-Blondet, "would not offer an opinion of value which differed from that of his expert witnesses." See Def.'s Stipulation (Ex. 2).

6. Thus, prior to the close of discovery, the only opinions of value and highest and best uses that the Defendant had disclosed were those of Mr. Gaztambide, Dr. Joyce, and Mr. Piza-Blondet based on sand extraction, residential development, and conservation and/or mitigation.

**B.    In Light of the Court's July 13, 2008 Order, the Only Previously Disclosed Valuation Testimony the Defendant May Introduce is that which is Based on Conservation and/or Mitigation.**

7. On June 13, 2008, this Court entered an Order (Docket No. 167) excluding all evidence based on the highest and best uses of residential development and sand extraction, as well as all evidence based on Mr. Gaztambide's appraisal of sand deposits. See also Report and Recommendation (Docket No. 155).

8. In light of the Court's Order, the Defendant is barred from introducing any valuation evidence or testimony relating to residential development and/or sand extraction.

9. Thus, the only valuation testimony Mr. Gaztambide may offer is that which is based on the highest and best use of conservation and/or mitigation, for which his opinion of value was $9,000 per cuerda for the wetlands portion of the subject property.

10. Similarly, because of the Defendant's prior stipulation, the only opinion of value that Mr. Piza-Blondet may offer at trial is one which does not differ from Mr.

Gaztambide's opinion of $9,000 per acre based on conservation and/or mitigation for the wetlands portion of the subject property.

11. Although the Court's Order therefore bars the Defendant from offering any evidence or testimony regarding the value for the uplands portion of the subject property, the United States would not object to Mr. Gaztambide applying his $9,000/cuerda opinion of value based on conservation and/or mitigation to both the wetlands and uplands, for an overall opinion of value of roughly $314,000 for the entire 34.93 cuerda subject property.

12. Similarly, the United States would not object to Mr. Piza-Blondet's testifying to the same $9,000/cuerda opinion of value as his expert, Mr. Gaztambide, based on the highest and best use of conservation and/or mitigation.

13. By contrast, the United States' expert appraiser, Raul Rodriguez Lugo, will offer an opinion of value of roughly $6,000/cuerda, or roughly $200,000 for the entire subject property, based on the highest and best use of passive recreation and/or farming.

C. **The Defendant Now Intends to Introduce Untimely New Opinions of Value and Highest and Best Use Evidence, and Has Refused to Disclose this New Testimony and Evidence to the United States.**

14. At the June 19, 2008 telephonic status conference, the Defendant did not advise the Court or the United States of any intention to introduce new opinions of value or new highest and best use evidence at trial.

15. However, on July 21, 2008 – less than 30 days before trial – the Defendant advised the United States that he now intends to call both Mr. Gaztambide and Mr. Piza-Blondet to offer opinions of value and highest and best use evidence that were not

previously disclosed, and which therefore constitute entirely new evidence of value. See July 21, 2008 Letter from Paul E. Harrison (Ex. 3).

16. By letter dated July 21, 2008, the Defendant advised the United States that he intends to call Mr. Piza-Blondet to offer an opinion of value "based on his business experience," but failed to state what that new opinion of value would be or what highest and best use it would be based upon.

17. Accordingly, the opinion of value the Defendant seeks to introduce from Mr. Piza-Blondet constitutes a new and previously undisclosed opinion of value, and contradicts the Defendant's prior stipulation that Mr. Piza-Blondet will not offer an opinion of value which differs from that of his expert witnesses.

18. By the same July 21, 2008 letter, the Defendant advised the United States that he intends to call Mr. Gaztambide to offer an opinion of value "based on comparable sales," but failed to state what that opinion of value will be, or what highest and best use it will be based upon. See id.

19. Because the Defendant failed to identify what Mr. Gaztambide's trial testimony would be, it appears it may also constitute a new and previously undisclosed opinion of value based on a new and previously undisclosed highest and best use.

20. Although the United States inquired at a telephonic conference on July 21, 2008, the Defendant refused to provide any information about what these new opinions of value would be, or what new highest and best uses these opinions would be based upon.

**D.     The United States Now Seeks Necessary Guidance from the Court Regarding the Witnesses the Defendant Will Be Permitted to Call at Trial.**

21. Having apprised the Court of these recent developments, the United States now seeks necessary guidance from the Court regarding the witnesses the Defendant will be permitted to call at trial, so that the United States may have a full and fair opportunity to prepare its case.

22. In the ten years since this case was filed, the Defendant already has had multiple opportunities to meet his burden of proof of demonstrating the highest and best use and fair market value of the subject property. See Docket No. 155 at 3-5.

23. The record shows that this case was filed on December 2, 2008; that the initial period of discovery closed on August 16, 1999; and that the case was set for a jury trial on October 26, 1999. See Docket Nos. 50, 53.

24. At an evidentiary hearing held in lieu of trial on October 26, 1999, the Defendant had the opportunity to present evidence regarding the highest and best use of residential development. See Docket No. 155 at 3. However, the Defendant presented no witnesses at the October 26, 1999 hearing. Id.; Docket No. 82 at 2.

25. After a period of inactivity in the case, in 2004 the Court provided the Defendant with another opportunity to present evidence supporting the highest and best use of residential development. See Docket No. 155 at 4.

26. However, after the Defendant failed to timely produce any supporting evidence, on December 23, 2004, the Court issued an Order (Docket No. 89) barring the Defendant from introducing any evidence at trial of the highest and best use of residential development. See id.

27. Subsequently, when the Defendant sought to introduce untimely new evidence allegedly supporting the highest and best use of residential development, the United States did not object to vacating the Court's December 23, 2004 Order in order to determine the relevance of these newly introduced documents.  See id.

28. Thereafter, in August 2005, the parties jointly agreed to re-open discovery so that both parties could obtain new expert appraisal reports containing new valuation evidence to establish the highest and best use and market value of the subject property.  Id. at 5.

29. Now that the Court has once again found that Defendant's speculative and unsupported valuation evidence should be barred from trial, the United States would object to allowing the Defendant to have yet another "bite at the apple" to establish a new theory of value based on a new highest and best use on the grounds that doing so would add considerable litigation expense and would further prolong the resolution of this matter that already has been pending for ten years.

30. Since the Court set this case for trial on August 18, 2008, the United States has been making its trial preparations in earnest, which has included traveling to Puerto Rico to meet with its experts and prepare trial exhibits, at considerable expense to the United States.  As a result of these efforts, the United States fully anticipates that it will be prepared on August 18, 2008 for a trial involving all admissible evidence and testimony that was previously disclosed during the course of discovery.

31. During this time, the parties have also engaged in settlement discussions.  However, to date the parties have not been able to reach a settlement agreement.

32. Accordingly, the United States requests that the Court expedite the August 14, 2008 pretrial conference so that the Court may resolve this issue sufficiently in advance of the August 18, 2008 trial to allow the parties ample opportunity to prepare.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court expedite the setting of the August 14, 2008 Pretrial Conference.

Respectfully submitted this 25th day of July, 2008, by:

ROSA E. RODRIGUEZ-VELEZ
United States Attorney

JOSE M. PIZARRO-ZAYAS
Assistant United States Attorney
Torre Chardon, Suite 1201
350 Carlos Chardon Ave.
San Juan, PR 00918
Tel: (787) 766-5656
Fax: (787)766-6219

s/ Jeffrey M. Tapick
JEFFREY M. TAPICK
Attorney, United States Department of Justice
Environment & Natural Resources Division
P.O. Box 561, Ben Franklin Station
Washington, D.C. 20044
Jeffrey.tapick@usdoj.gov
Tel: (202) 305-0297
Fax: (202) 305-0398

## CERTIFICATE OF SERVICE

       I hereby certify that on this 25th day of July, 2008, I filed the foregoing pleading electronically through the CM/ECF system, which caused the following parties or counsel to be served as follows, per the anticipated email from the Court, "Notice of Electronic Filing":

                              Paul E. Harrison, Esq.
                              532 Girod Street
                              Mandeville, LA 70448
                              pharrison@pharrisonlaw.com


                              /s/ Jeffrey M. Tapick
                              JEFFREY M. TAPICK