IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Plaintiff, | * |
| v. | * |
| 33.92536 ACRES OF LAND, MORE OR LESS, SITUATED IN VEGA BAJA, COMMONWEALTH OF PUERTO RICO, and JUAN PIZA-BLONDET, et al., | * CIVIL ACTION NO. 98-1664 (FAB-BJM)<br>* CIVIL ACTION NO. 98-2344 (FAB-BJM) |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*  \*   \*   \*   \*   \*   \*   \*

## DEFENDANT'S MOTION, AND INCORPORATED MEMORANDUM OF LAW, TO EXCLUDE PLAINTIFF'S EXPERT, RAUL RODRIGUEZ LUGO, FROM TESTIFYING IN THIS MATTER

NOW INTO COURT, through undersigned counsel, comes defendant, Juan Piza-Blondet ("Mr. Piza"), who respectfully submits this Motion and Memorandum of Law, to Exclude Plaintiff's Expert, Raul Rodriguez Lugo, From Testifying in this Matter.

## STANDARD OF REVIEW

A.   *The Judge in an Eminent Domain Case Is to Decide All Legal and Factual Issues Other Than the Precise Issue of Just Compensation.*

The substantive legal issues that arise in this federal eminent domain proceeding are governed by federal law, and procedural matters are controlled by Rule 71.1 of the Federal Rules of Civil Procedure. See Kirby Forest Indus., Inc. v. United States, 467 U.S. 1, 3-5 (1984); Fed. R. Civ. P. 71.1. The parties have requested a trial by jury, and the Supreme Court has stated that the "single narrow" function of a jury in an eminent domain case is "the determination of a compensation award within ground rules established by the trial judge." United States v. Reynolds, 397 U.S. 14, 20

(1970) (citing Fed. R. Civ. P. 71A(h)).

Rule 71.1(h) of the Federal Rules of Civil Procedure states as follows:

(1) *Issues Other than Compensation; Compensation.* In an action involving eminent domain under federal law, the court tries all issues, including compensation, except when compensation must be determined:

> (A) by any tribunal specially constituted by a federal statute to determine compensation; or
> (B) if there is no such tribunal, by a jury when a party demands one within the time to answer or within any additional time the court sets, unless the court appoints a commission.

The Supreme Court has interpreted Rule 71.1(h) [formerly 71A(h)] to mean that "except for the single issue of just compensation, the trial judge is to decide all issues, legal and factual, that may be presented." Reynolds, 397 U.S. at 19. Thus, under Rule 71.1, the trial court is to decide all preliminary questions concerning what evidence a jury may consider in determining the ultimate question of just compensation. See United States v. 320.0 Acres of Land, 605 F.2d 762, 814-15 (5th Cir. 1979); United States v. Certain Land Situated in the City of Detroit, 450 F.3d 205, 211 (6th Cir. 2006) (affirming district court's exclusion of valuation evidence from jury).

B.  The Court Should Exclude Evidence That Fails to Meet the Relevance or Reliability Standards of the Federal Rules of Evidence.

Furthermore, Rule 104(a) of the Federal Rules of Evidence states that, "Preliminary questions concerning. . . the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (b)." Rule 702 of the Federal Rules of Evidence also states that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The Supreme Court has held that the trial judge has a "gatekeeping role" under Rule 104(a) to determine whether expert testimony is both relevant and reliable in order to be admissible under the Federal Rules of Evidence. See Daubert v. Merrill Dow Pharm.. Inc., 509 U.S. 579, 589-90 (1993); Kuhmo Tire Co.. Ltd. v. Carmichael, 526 U.S. 137, 152 (1999). If the trial court determines that the expert opinion testimony does not meet these standards, the court should exclude that evidence from use at trial. See, e.g., Gen. Elec. Co. v. Joiner, 522 U.S. 136, 142-44 (1997) (affirming exclusion of unreliable expert opinion testimony).

## SUMMARY OF ARGUMENT

Mr. Piza respectfully maintains that Raul Rodriguez Lugo ("Mr. Rodriguez") should not be allowed to testify in this matter. Mr. Rodriguez used an improper methodology, namely the before and after method, in evaluating the subject land. Mr. Piza maintains that Mr. Rodriguez's testimony, and his report, should be excluded under Federal Rules of Evidence 104 and 702 and the U.S. Supreme Court's opinions concerning the admissibility of expert testimony.[1] In this case, the plaintiff's appraiser, Mr. Rodriguez, uses a methodology that greatly underestimates the value of the property. He considers merely large tracts of land with lower per acre values. His methodology does not consider the undisputed fact that the subject tract of approximately thirty-four (34) acres was a segregated parcel of land - before the condemnation proceedings. Accordingly, the defendants respectfully request that this Honorable Court exclude the testimony of Mr. Rodriguez from the trial of this matter.

---

[1] See Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993); General Electric Co. v. Joiner, 522 U.S. 136 (1997); and Kumho Tire Co. v. Carmichael, 119 S.Ct. 1167 (1999). See also United States v. Reynolds, 397 U.S. 14, 19-20 (1970) (holding that the trial judge is to decide "all issues" other than the precise issue of just compensation in an imminent domain case).

## ARGUMENT

As this Court is well aware, on or about December 2, 1998, the United States acquired approximately thirty-four (34) acres of land (the "Subject Property") in the Vega Baja region of Puerto Rico. The defendant, Mr. Piza, also owned a parcel of land, roughly four hundred (400) acres, adjacent to the subject property. The four hundred (400) acre parcel ("Main Tract") was vacant and undeveloped at the time of the condemnation proceedings. However, the highest and best use of the Main Tract of land has never been determined by any party, including the plaintiff. The mere fact that the Main Tract of land is undeveloped is not in and of itself indicative of the fact the Main Tract of land could not be developed. Federal case law throughout the country indicates that the "highest and best use" of a tract of land, such as the Main Tract of land in this case, is not limited to the present use by the landowner.[2]

The plaintiff retained Mr. Rodriguez to perform an appraisal on the Subject Tract. In his deposition, Mr. Rodriguez recognized that he had limited experience in condemnation proceedings. In fact, Mr. Rodriguez stated that he only worked once previously on a condemnation proceeding. See the deposition of Raul Rodriguez Lugo, Exhibit "A," page 5, line 16 through page 7, line 18. Mr. Rodriguez has made no independent determination that the "before and after" method was appropriate for this matter. Rather, he relied on counsel for the plaintiff, and their interpretation of the record, in deciding to use the before and after method.

Before appraising the property, Mr. Rodriguez was not provided copies of documents

---

[2] See, e.g., United States v. Buhler, 305 F.2d 319, 327 (5th Cir. 1962) (ruling that the Court must look not only at the present use of the property, but also at the highest and best use for which the property is adaptable and needed); Cameron Development Co. v. United States, 145 F.2d 209, 210 (5th Cir. 1944).

establishing that the subject land, approximately thirty-four (34) acres, was segregated from the Main Tract of land before the condemnation proceedings. (Exhibit "A" page 20, line 20 through page 21, line 5.) After reading Exhibits 1 and 2 to his deposition (attached hereto in globo as Exhibit "B"), Mr. Rodriguez stated as follows:

> Q   A moment ago you read into the record a Spanish statement stating that 34 acres, approximately, was subdivided out. Can you translate that for me in English.
> A   "Segregated a parcel of 34.038 'cuerdas', equal to 133,782.87 square meters to Page 141 of Book 380 of Vega Baja, property number 26674, describing the following remnant:"
> (Exhibit "A," page 23, line 24 through page 24, line 7)

Furthermore, Mr. Rodriguez stated as follows:

> Q   When the 34 acres were subdivided, what was the date of that transaction, first, and when was it recorded?
> A   I believe it's November 26th, 1997.
> Q   So that transaction that we just went through was, obviously, before the expropriation in this case, correct?
> A   It was before December '98, yes.
> (Exhibit "A" page 24, line 20 through page 25, line 3)

Finally, Mr. Rodriguez stated as follows:

> Q   ...If the government expropriates en entirety of a 33 acre tract, you can't use the before and after method, is that correct?
> A   That's correct.
> (Exhibit "A" page 29, lines 16 through 22)[3]

Mr. Rodriguez conceded in his deposition that if there is an expropriated tract of land and there is no remnant portion associated with it, then the before and after method cannot be used. (See Exhibit "A, " page 30, lines 8 through 14).

In this case, Mr. Rodriguez admitted that his methodology is improper - if the Court or jury

---

[3]Prior to Mr. Rodriguez's response, there was significant objection from counsel on both sides.

-5-

concludes that the subject tract is separate and apart from the Main Tract. The evidence in this case is undisputed that the Main Tract is separate and apart from the Subject Property.[4] Therefore, Mr. Rodriguez's testimony should be excluded.

## CONCLUSION

For the foregoing reasons, Mr. Piza maintains that the testimony, and the report, of Mr. Rodriguez should be excluded from this matter. The Court in its "gatekeeping" role should exclude Mr. Rodriguez's testimony and report consistent with Federal Rule of Evidence 702 and Federal Rule of Civil Procedure 71.1. Mr. Rodriguez used an improper methodology which greatly devalues the Subject Property. He admitted that he did not consider the fact that the property was separated and segregated from the Main Tract of land prior to the condemnation proceedings. Any potential benefit to Mr. Rodriguez's testimony is greatly outweighed by the prejudicial value. In short, Mr. Rodriguez has greatly undervalued the subject tract of land. His methodology is unsound. His testimony should be excluded consistent with Federal case law and the aforementioned statutes.

Respectfully submitted,

/s/ Francisco Diez
Francisco Diez
Bar Roll No. 215412
Attorney for JUAN PIZA BLONDET
B-5 Pabonuco Street
Suite 216 PMB 255
Guaynabo, Puerto Rico 00968
Telephone: (787) 721-1100
Telecopier: (787) 725-8195

---

[4]See Exhibit "B." The defendants recognize that the documents are in Spanish. They are in the process of translating the same. Please see the defendants' Motion to Continue Trial.

J. Wayne Mumphrey
Maurice Piza
Mumphrey Law Firm, L.L.C.
2000 Old Spanish Trail, Suite 103
Slidell, LA 70458
Telephone: (985) 649-0709
Telecopier: (985) 649-5706

- and -

Paul E. Harrison
Law Offices of Paul E. Harrison, LLC
532 Girod Street
Mandeville, LA 70448
Telephone: (985) 727-7348
Telecopier: (985) 624-8145

Copies to:

JOSE M. PIZARRO ZAYAS
Assistant U.S. Attorney
Room 452 Federal Building
Hato Rey, Puerto Rico 00918
Tel. 766-5656

JEFFREY M. TAPICK
Attorneys, U.S. Department of Justice
Environment and Natural Resources Division
P. O. Box 561 – Ben Franklin Station
Washington, D.C. 20044
Telephone: 202-305-0299
Fax:          202-305-0398

## Certificate of Service

I HEREBY CERTIFY that I have on this ____ day of July, 2008, served all counsel with a copy of the above and foregoing by email and electronic notification.

/s/ Francisco Diez
Francisco Diez