IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Plaintiff, | * |
| v. | * |
| 33.92536 ACRES OF LAND, MORE OR LESS, SITUATED IN VEGA BAJA, COMMONWEALTH OF PUERTO RICO, and JUAN PIZA-BLONDET, et al., | * CIVIL ACTION NO. 98-1664 (FAB-BJM) <br> * CIVIL ACTION NO. 98-2344 (FAB-BJM) |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION, AND INCORPORATED MEMORANDUM, TO STRIKE THE PLAINTIFF'S MOTIONS IN LIMINE (DOCKET NOS. 132 AND 133) AND TO VACATE THIS COURT'S RULING ON THOSE MOTIONS

NOW INTO COURT, through undersigned counsel, comes defendant, Juan Piza-Blondet ("Mr. Piza"), and files this Motion, and Incorporated Memorandum, to Strike the Plaintiff's Motions in Limine (Docket Nos. 132 and 133) and to Vacate this Court's Ruling on those Motions. Consistent with Federal Rule of Civil Procedure art. 60(b)(1) and (6), Mr. Piza respectfully outlines as follows:

### PROCEDURAL BACKGROUND

On August 11, 2005, a status conference was held before Judge Carmen C. Cerezo. Present at that status conference were counsel for the plaintiff and the defendant. The parties were ordered to file on or by August 23, 2005, a joint discovery schedule for the Court's consideration and approval. See Docket No. 115.

Thereafter, on or about August 22, 2005, the parties submitted a proposed Joint Discovery Schedule. That proposed Joint Discovery Schedule set forth the following deadlines:

| | |
|---|---|
| Exchange of Rule 26(a)(2) expert reports | November 1, 2005 |
| Exchange of Rule 26(a)(2) rebuttal reports | January 9, 2006 |
| Close of discovery | February 15, 2006 |
| Court ordered settlement conference | March 1, 2006 |
| Daubert motions | April 1, 2006 |

See Docket No. 116

The proposed joint discovery schedule was endorsed and approved by Judge Carmen C. Cerezo on November 17, 2005. Judge Cerezo entered an order, without a written order, into the docket report.

On January 9, 2006, the parties filed a Joint Motion for Enlargement of Time. See Docket No. 117. That Joint Motion for Enlargement of Time extended the deadline for filing Daubert motions until May 1, 2006. That Joint Motion was endorsed and granted by Judge Carmen C. Cerezo on February 23, 2006. The Motion was granted by a docket entry.

On or about March 1, 2006, the Court entered an order vacating the March 1, 2006 settlement conference.. The settlement conference was rescheduled for May 24, 2006 at 5:00 p.m. See Docket No. 118.

On March 15, 2006, the parties filed another Joint Motion for Extension of Time. See Docket No. 119. Thereafter, in Docket No. 120, this case was transferred to the recently appointed Judge Aida Delgado-Colon. On May 5, 2006, the Court converted the settlement conference scheduled for May 24, 2006 into a telephonic status conference. See Docket No. 121.

On May 16, 2006 (Docket No. 122), the Court entered an Order concerning Docket No. 119, the Joint Motion for Extension of Time. The Court stated that the parties shall define and report on a proposed pre-trial scheduling order, including deadlines for discovery, dispositive motions, and a settlement conference. The Joint Motion to Convert Settlement Conference set for May 24, 2006

into a telephone status conference was granted as requested. Additionally, Judge Aida Delgado-Colon signed Docket No. 119 granting the Motion for Extension of Time. Accordingly, as of May 16, 2006, the deadline for filing Daubert motions was clearly **June 16, 2006**.

On May 23, 2006, consistent with the Court's Order, the parties submitted a Joint Status Memorandum. See Docket No. 125. The parties did not provide any additional dates for this matter. Rather, the parties outlined that a proposed scheduling order, establishing pre-trial deadlines, would be provided at the status conference before Judge Gustavo Gelpi on May 24, 2006.

On May 24, 2006, the parties participated in a status conference before Judge Gustavo Gelpi. The parties primarily discussed the report of the joint expert, Gregory Morris. Mr. Morris was conducting a jurisdictional determination for the parties. No discussion was held concerning outstanding discovery, deadlines, or the filing deadlines for motions.

On July 17, 2006, the parties filed a Joint Motion for Enlargement of Time. That Motion set forth that the parties were not able to obtain the jurisdictional report being prepared by Gregory Morris. The government was still anticipating filing a Motion for Summary Judgment. However, the plaintiff could not file said Motion without the report of Mr. Morris. The parties agreed, in writing, to extend the pre-trial deadlines as follows:

> Completion of the JD report - July 28, 2006
> Deadline for all dispositive motions - August 14, 2006
> Deadline for responses to the dispositive motions - August 29, 2006

See Docket No. 129. Notably, the parties did not extend the deadline for filing Daubert motions.

On August 14, 2006, by memorandum of the Clerk, this matter was transferred to Judge Gustavo Gelpi. See Docket No. 131.

On August 14, 2006, the plaintiff **untimely** filed two Motions. See Docket Nos. 132 and 133. As this Honorable Court is aware, the plaintiff filed a Motion to Exclude Defendant's Highest and Best Use Evidence. See Docket No. 132. The government also filed a First Motion in Limine to Exclude All Evidence Based on Defendant's Appraisal of Sand Deposits. See Docket No. 133. The undeniable, clear evidence in this record establishes that the government filed these Motions in Limine late, and untimely, under the then existing scheduling order.

Undersigned counsel and the court presumed that the Motion was filed timely. But the government's Motions in Limine were not timely filed.

Consistent with the recent transfer of the case to Judge Gustavo Gelpi, there was an Order entered requiring the parties to file a Joint Status Motion informing the court of all pending Motions. See Docket No. 134. Thereafter, on September 6, 2006, the plaintiff filed a status report. Notably, in paragraph 5, the government stated as follows: "Depending on the court's ruling on the pending Motions [Docket Entries 132 and 133], the United States may file additional Motions in Limine prior to trial."

As evidenced by the docket sheet, several Motions were filed to extend the defendant's time for responding to the plaintiff's Motions in Limine.[1]

On September 28, 2006, the defendant did file responses in oppositions to the plaintiff's Motions in Limine. See Docket No. 145 and 146. Before Judge Gustavo Gelpi could consider the government Motions, this matter was transferred to Judge Francisco Besosa on October 6, 2006. See

---

[1] Notably, at this point in time in September and October of 2006, then lead counsel, Attorney David Vidrine, was ill and in and out of the hospital. As set forth in the plaintiff's Motion to Continue Trial, Attorney David Vidrine ultimately died due to his illness on November 20, 2007.

Docket No. 147.

As this Honorable Court is aware, Judge Bruce McGiverin did not rule on the pending Motions in Limine until April 24, 2007. Thereafter, the defendant objected to the Report and Recommendations of Judge McGiverin. See Docket No. 156.

On June 4, 2008, Judge Francisco Besosa ruled on the plaintiff's Motions in Limine - declaring those Motions moot. Thereafter, Judge Besosa rendered an Order and Report on the plaintiff's Motions in Limine on June 13, 2008. See Docket No. 167.

Trial was set in this case on June 18, 2008. See Docket No. 168 and 169.

**ARGUMENT**

Local Rule 16 sets forth mandatory guidelines for extending deadlines. Local Rule 16 states in relevant part:

> (j) Deadlines
> (1) Deadlines Established by the Court. Deadlines established by the Court shall not be changed by agreement between the parties without Court approval.
> (2) Discovery Deadlines. A stipulation extending the time within which to respond or object to a discovery request or to take a deposition need not be approved by the Court provided the extended date by which the response is due or on which the deposition is to be taken is prior to the discovery completion date established for the case or at least thirty (30) days prior to the date set for the Pretrial Conference, whichever is earlier. Any such out of court stipulation shall not alter the discovery deadlines set forth in the Scheduling Order. The stipulation shall be in writing.

The above language clearly establishes that only the Court can extend pre-trial deadlines. In this case, the Court did not extend the deadline for filing Daubert motions. The government untimely and improperly filed a Motion to Exclude the Testimony of Mr. Gaztambide (Docket No. 132) and Dr. Joyce (Docket No. 133). Those untimely motions should be disregarded by this Court,

and consistent with federal rule 60(b), the defendant should be granted relief from this Court's judgments (Docket Nos.155 and 167) on the plaintiff's motions.

Federal Rule of Civil Procedure 60(b) states that a party may obtain relief from judgment based on mistake, excusable neglect, and from "other reasons justifying relief from the operation of the judgment." See Jones v. Phipps, 39 F.3d 158, 162 (7th Cir. 1994). In this case, the court and counsel for the defendant were working under the mistaken belief that the plaintiff, the United States, timely filed its Motions in Limine (Docket No. 132 and 133). As set forth in the procedural background section above, the undisputed fact is simply that the government's motions were untimely. In this case, the plaintiff "unfairly" obtained a judgment on its Motions in Limine, and the defendant should be granted relief from that Judgment under Federal Rule of Civil Procedure 60(b)(3). See Government Fin. Srvs. 1 LP v. Peyton Place, 62 F.3d 767, 772 (5th Cir. 1995). It is contrary to the Due Process clause of the United States Constitution to apply this Court's Judgment (Docket No. 167) against defendant, Juan Piza. Again, judgment is based on an untimely motions, and as this Honorable Court is aware, the plaintiff's Motions in Limine have greatly prejudiced the defendant's ability to put on a fair case on just compensation. This Honorable Court should vacate its Judgment (Docket No. 167). See New York Life Ins. Co. v. Brown, 84 F.3d 137, 143 (5th Cir. 1996); Integrated Design & Constr., Inc., 167 F.3d 861, 871 (4th Cir. 1999).

The enforcement of this Honorable Court's Judgment (Docket No. 167) is "manifestly unjust"[2] because the Judgment was based on untimely motions.

---

[2] Fed. R. Civ. P. 60(b)(6); Liljeberg v. Help Servs. Acquisition Corp., 486 U.S. 847, 863-64, 108 S.Ct. 2194, 2204 (1988); U.S. v. Orleans Parish School Board, 397 F.3d 334, 337 (5th Cir. 2005).

## **CONCLUSION**

For the reasons set forth above, this Honorable Court respectfully must strike the Motions in Limine filed by the plaintiff. Furthermore, as those Motions were untimely filed, this Court's rulings on those Motions are null as a matter of law. Defendant respectfully requests that this Honorable Court grant his Motion and enter an Order allowing the defendant to call his expert witnesses, Carlos Gaztambide and James Joyce. Those individuals must be allowed to testify at the trial on just compensation consistent with the reports rendered by those individuals.

Respectfully submitted,

_/s/ Francisco Diez_
Francisco Diez
Bar Roll No. 215412
Attorney for JUAN PIZA BLONDET
B-5 Pabonuco Street
Suite 216 PMB 255
Guaynabo, Puerto Rico 00968
Telephone: (787) 721-1100
Telecopier: (787) 725-8195


J. Wayne Mumphrey
Maurice Piza
Mumphrey Law Firm, L.L.C.
2000 Old Spanish Trail, Suite 103
Slidell, LA 70458
Telephone: (985) 649-0709
Telecopier: (985) 649-5706

- and -

Paul E. Harrison
Law Offices of Paul E. Harrison, LLC
532 Girod Street
Mandeville, LA 70448
Telephone: (985) 727-7348
Telecopier: (985) 624-8145

Copies to:

JOSE M. PIZARRO ZAYAS
Assistant U.S. Attorney
Room 452 Federal Building
Hato Rey, Puerto Rico 00918
Tel. 766-5656

JEFFREY M. TAPICK
Attorneys, U.S. Department of Justice
Environment and Natural Resources Division
P. O. Box 561 – Ben Franklin Station
Washington, D.C. 20044
Telephone: 202-305-0299
Fax:      202-305-0398

## Certificate of Service

I HEREBY CERTIFY that I have on this 31st day of July, 2008, served all counsel with a copy of the above and foregoing by email and electronic notification.

/s/ Francisco Diez
Francisco Diez