UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL NO. 98-1664 (FAB-BJM) |
| | ) | CIVIL NO. 98-2344 (FAB-BJM) |
| vs. | ) | Consolidated Cases |
| | ) | |
| 33.92536 ACRES OF LAND, MORE | ) | |
| OR LESS, SITUATED IN VEGA BAJA, | ) | |
| COMMONWEALTH OF PUERTO RICO, | ) | |
| AND JUAN PIZA BLONDET, AND | ) | |
| UNKNOWN OWNERS | ) | |
| | ) | |
| Defendants. | ) | |

**STIPULATION FOR CONSENT JUDGMENT**

Plaintiff United States of America ("Plaintiff" or the "Government") and Defendant Juan Piza-Blondet ("Defendant"), now AGREE that judgment should be entered as follows:

1. Because of the Court's prior rulings, including but not limited to the Court's June 13, 2008 Memorandum Opinion and Order (Docket No. 167) adopting the Magistrate Judge's Report and Recommendation (Docket No. 155) and limiting the valuation evidence that the Defendant could introduce at trial, the parties hereby agree that a Final Judgment on compensation should be entered by the Court that preserves the Defendant's right of appeal of the Court's prior rulings.

2. Due to the Court's rulings, the full just compensation payable by the Plaintiff, the United States of America, for the taking of Defendant's interests as more fully set forth in the Declarations of Taking and Complaints filed in these consolidated cases shall be the sum of $375,300.00, inclusive of all costs and interest; which amount has already been deposited in the Registry of the Court and withdrawn by the Defendant.

3. The said sum of $375.300.00 shall be subject to all liens, encumbrances and charges of whatsoever nature existing against the said lands at the time of vesting of title thereto in the

United States of America and such liens, encumbrances, and charges of whatsoever nature, including but not limited to the interest claimed by the Defendant Puerto Rico Department of the Treasury (Docket No. 62), shall be payable and deductible from the said sum.

    4. Because of the exclusion of the Defendant's evidence and the Court's rulings, the said sum of $ 375,300.00 shall be full and just compensation and in full satisfaction of any and all claims of whatsoever nature against the United States of America by reason of the institution and prosecution of these consolidated actions and the taking of said lands. Again, the Defendant reserves all rights of appeal, and if the Trial Court should be reversed, or if the case should be remanded, then said sum will not be the full and just compensation owed to the Defendant.

    5. The Defendant warrants that it has the exclusive right to the compensation herein, excepting the interest of parties having liens or encumbrances of record and unpaid taxes and assessments, if any, including the interests claimed by the Defendant Puerto Rico Department of the Treasury (Docket No. 62), and that no other party is entitled to the same or any part thereof by reason of any unrecorded agreement.

    6. The Defendant reserves, and the United States agrees, to the Defendant's right to appeal from the prior rulings of the Court, including but not limited to the Court's June 13, 2008 Memorandum Opinion and Order (Docket No. 167) adopting the Magistrate Judge's Report and Recommendation (Docket No. 155).

    7. If the Defendant is successful in its appeal, the parties will revisit the valuation issue, with both parties reserving all rights to fully litigate the amount of just compensation owed for the taking of the interests in these consolidated actions.

8. If the Defendant is unsuccessful in its appeal, the amount of compensation in this agreement, $375,300.00, will be final and no appeal will be allowed on the valuation amount.

9. The parties contend that a judgment entered in accordance with the terms of this agreement will constitute an appealable final judgment under 28 U.S.C. § 1291, because the parties have hereby agreed on, and reached a resolution of, the only issue that remained to be tried before this Court, namely the amount of just compensation owed for the taking of the Defendant's property. See United States v. 15.32 Acres of Land, 53 Fed. Appx. 608 *1 n.1 (3rd Cir. 2002) (distinguishing Verzilli v. Flexon, 295 F.3d 421 (3rd Cir. 2002)); see also United States v. 14.02 Acres of Land, 530 F.3d 883, 894-95 (9th Cir. 2008).

10. The parties hereto consent to the entry of all orders and final judgments necessary to effectuate this agreement, with each party to bear its own costs.

Respectfully submitted this 19th day of August, 2008.

FOR THE UNITED STATES:

ROSA E. RODRIGUEZ-VELEZ
United States Attorney

JOSE M. PIZARRO-ZAYAS
Assistant United States Attorney
Torre Chardon, Suite 1201
350 Carlos Chardon Ave.
San Juan, PR 00918
Tel: (787) 766-5656
Fax: (787)766-6219

/s Jeffrey M. Tapick_____
JEFFREY M. TAPICK
Federal Bar Number G00206
MICHAEL K. BAKER
Trial Attorneys
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 561, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 305-0297; -0289
Fax: (202) 305-0398

FOR THE DEFENDANT JUAN PIZA-BLONDET:

J. WAYNE MUMPHREY
Mumphrey Law Firm, LLC

/s Paul E. Harrison  (by consent given August 19, 2008)
PAUL E. HARRISON, ESQ.
Law Offices of Paul E. Harrison
532 Girod Street
Mandeville, LA 70448
pharrison@pharrisonlaw.com